*United States Bankruptcy Court*
*District of Massachusetts*

| | |
|---|---|
| In re:<br>   DAVID C. CULLEY,<br>                    DEBTOR. | Chapter 11<br>Case No.06-40081-JBR |
| CULLEY SEPTIC SERVICE, INC.,<br>                PLAINTIFF<br>v.<br>CULLEY EXCAVATION AND SEPTIC SERVICE,<br>                DEFENDANT | Adversary Proceeding<br>No. 06-4075 |

## DECISION AND ORDER REGARDING EMERGENCY MOTION FOR REMAND AFTER RECONSIDERATION

The Court, having granted the Emergency Motion for Reconsideration of Order [#20] on Emergency Motion to Remand [#7] filed by the Debtor,[1] and after due consideration of the Emergency Motion For Remand, and all pleading related thereto, the Court hereby makes the following findings of fact and conclusions of law:

1. With the exception of one cause of action based on the Lanham Act, specifically 15 U.S.C. § 1125(a), all of the counts in the complaint seek relief pursuant to Massachusetts law. The complaint avers that the Debtor does business in central Massachusetts. It does not state whether the Plaintiff conducts business outside of Massachusetts in addition to that conducted intrastate. At the March 31, 2006 hearing on the Emergency Motion to Remand, Plaintiff's counsel represented that this dispute involves only intrastate commerce.

2. Neither party has sought withdrawal of the adversary proceeding.

3. The state court judge presiding over the lawsuit in state court had recently entered

---

[1] According to the complaint, Culley Excavation and Septic Service is a d/b/a of the Debtor.

several orders and scheduled hearings when the case was removed. A trial on the issue of whether the debtor should be held in contempt for his alleged violation of state court orders is scheduled to begin on Monday, April 3, 2006.

4. Assuming that the dispute at issue in this adversary proceeding involves only matters affecting intrastate commerce, then federal jurisdiction is not conferred simply by the addition of a Lanham Act claim. *Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp.*, 440 F.Supp. 461, 463 (D. Mass. 1977). If there is no independent basis for federal jurisdiction, then 28 U.S.C. § 1334(c)(2) requires that this Court abstain as it appears that the state court can timely adjudicate this matter.

5. Because the allegations of the complaint determine whether there is a basis for federal jurisdiction, *id.*, and lest the Debtor believe that the absence of any allegation that the dispute involves matters that arise from conduct that is wholly intrastate and has no affect on interstate commerce leaves the door open for an argument that mandatory abstention is inapplicable, the Court also abstains pursuant to 28 U.S.C. § 1334(c)(1).

6. Most of the counts raise issues of state law. The state court judge is very familiar with this case and has held several hearings. Moreover, one of the orders that the Debtor seeks this Court to vacate is the state court's injunction entered against him after the matter was briefed and heard by the state court. Although the injunction is not a final order which this Court would be prohibited from reviewing, nonetheless, the interests of justice and comity and respect for state law are best served by the Bankruptcy Court's abstention in this matter.

For the foregoing reasons, the Emergency Motion to Remand is GRANTED and the matter REMANDED to state court.

The Plaintiff is also granting limited relief from the automatic stay to prosecute the

2

remanded action. No collection activity of any kind on any money judgment shall proceed without further order of this Court.

Dated: March 31, 2006

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Court