*United States Bankruptcy Court*
*District of Massachusetts*

| | |
|---|---|
| In re: ) | |
|    DAVID C. CULLEY, ) | |
| ) | Chapter 11 |
|                  DEBTOR. ) | Case No.06-40081-JBR |
| ) | |
| CULLEY SEPTIC SERVICE, INC., ) | |
|                PLAINTIFF ) | |
| v.  ) | Adversary Proceeding |
| CULLEY EXCAVATION AND SEPTIC ) | No. 06-4075 |
| SERVICE, ) | |
|               DEFENDANT ) | |

**DECISION AND ORDER REGARDING EMERGENCY MOTION FOR RECONSIDERATION [# 23]**

This matter having come before the Court on the Emergency Motion for Reconsideration of Order [#20] on Emergency Motion to Remand [#7] (the "Reconsideration Motion") filed by the Debtor.[1] After due consideration of the Reconsideration Motion, and all pleading related thereto, the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an

---

[1] According to the complaint, Culley Excavation and Septic Service is a d/b/a of the Debtor.

unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. The Debtor seeks reconsideration of the order remanding this matter to state court on different grounds including that neither he nor his counsel got notice of the hearing on the Emergency Motion to Remand. The docket suggests otherwise, however. On March 8, 2006 the plaintiff filed the emergency Motion to Remand [#7] and on the same day, the Court denied emergency consideration but set the motion for hearing on March 16, 2006 [#8]. Notice of the entry of the scheduling order was given by email to the Debtor's and the Plaintiff's attorneys via the Court's CM/ECF system. Neither email was returned to the Court as undeliverable. In addition the Court ordered the Plaintiff's attorney to provide notice of the hearing and according to the certificate of service he subsequently filed, he did so by mail sent on March 8. Finally on March 10, 2006 the Bankruptcy Noticing Center ("BNC") also sent a notice of the hearing to all counsel at their correct mailing address.

3. On March 10, 2006 the Debtor filed an Emergency Ex Parte Motion for an Order to Show Cause for Contempt [#10] which the Court also set for hearing on March 16, 2006 [#11]. On March 13, 2006 the Plaintiff filed an Emergency Motion to Continue [#14] because of a scheduling conflict. On March 15, 2006 the Debtor filed a limited assent [#16] and also withdrew his contempt motion without prejudice. On the same day the Court entered an order continuing the hearing to March 21, 2006 [#17]. Email notification was given to the attorneys and on March 17, 2006 the BNC mailed a copy of the rescheduling order to the attorneys. Again there is no indication that either method of delivery was unsuccessful.

4. On March 16, 2006, the date on which the Emergency Motion to Remand was originally scheduled to be heard, the Court, which was conducting hearings in other matters,

2

noticed that Debtor's counsel came into the courtroom, put his belongings down, and then went to the area where the list of cases scheduled for hearing is posted-presumably to check the list. He then returned to the courtroom, retrieved his belongings and left.

5. On March 21, 2006 the Court, after waiting some time for Debtor's counsel to appear, held the hearing on the Emergency Motion to Remand and granted the relief requested. The Debtor's counsel was not present.

6. In the Reconsideration Motion, the Debtor alleges that he "had no actual notice of the continued hearing due to an unspecified problem with receiving electronic notice [#16], and the mailed copy of the order notifying his attorney of the hearing was received just after the hearing was held." At the hearing on the Reconsideration Motion, however, counsel acknowledged that when he checked his email on March 21, 2006, he saw an email that was sent by the Court and referenced document #17, the number of the order rescheduling the original hearing to March 21, 2006. He stated that he did not know when the email was sent. Assuming that both the electronic and mailed notices failed to reach Debtor's counsel, he knew the parties had sought to continue the hearing from March 16, and when he came to Court that day and found that the matter was not be heard at that time, he could have, and should have, checked the docket to determine the new hearing date.[2]

7 Even if the Debtor's counsel had attended the hearing, the outcome would not have been different. In reviewing the various pleadings and after listening to the recording of the March 21, hearing the Court discovered that it limited the basis for its order remanding the case to state court by stating only mandatory abstention as the sole grounds for the abstention and

---

[2] Nor does this alleged lack of notice of the hearing date explain why the Debtor failed to file a timely opposition to the Emergency Motion to Remand.

3

remand. Even if mandatory abstention does not apply, the Court would have abstained under the principles of discretionary abstention. To ensure that the basis for reaching the result is set forth fully and correctly, the Court will reconsider its Order of March 21, 2006.

For the foregoing reasons, the Motion is hereby GRANTED.

Dated: March 31, 2006

Joel B. Rosenthal
United States Bankruptcy Judge.